UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MARCUS D. MIMS,

    Plaintiff,

v.                                                                                          Case No.: 09-CV-22347

ARROW FINANCIAL SERVICES, LLC,

    Defendant.

_____/

## MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

COMES NOW, the Defendant, Arrow Financial Services, LLC (hereafter referred to as "ARROW") files this Motion to Dismiss for Lack of Subject Matter Jurisdiction and states:

**A. Factual Background.**

This matter arises out of allegations that Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692a, *et seq.* (the "FDCPA"), the Florida Consumer Collection Practices Act, Fla. Stats., § 559.55, *et seq.* (the "FCCPA"), the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA"), and seeks relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, (DJA) for attempting to collect an unpaid bill from Plaintiff. On April 17, 2008, Plaintiff filed an eight-count complaint against Defendant. Counts I through IV allege that Defendant violated the FDCPA. Counts V and VI allege that Defendant violated the FCCPA. Count VII alleges that Defendant violated the TCPA. Count VIII seeks relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. The factual support for each claim is the same, i.e. messages left on Plaintiff's cell phone in 2008. *See,* Complaint at ¶10.

In Plaintiff's Complaint, Counts I through IV under the FDCPA and Counts V and VI under the FCCPA seek only "damages" along with Attorney's fees and court costs.

1

On October 26, 2009, Plaintiff served his Rule 26 Initial Disclosures. *See,* Exhibit "A". Fed.R.Civ.P. Rule 26(a)(1)(A)(iii) requires the Plaintiff to identify each category of damages he claims to have sustained and a computation of each such category. In his Computation of Damages, Plaintiff claimed only statutory damages and did not list any actual damages in any way.

On December 9, 2009, Defendant sent a letter to Plaintiff offering Plaintiff "one thousand ($1,000.00) dollars total for the FDCPA claims and one thousand ($1,000.00) dollars total for the FCCPA claims, plus reasonable attorney's fees and court costs." *See,* Exhibit "B". The only condition of the offer was that the Plaintiff dismiss with prejudice his FDCPA and FCCPA claims but not the TCPA claims. In addition, the Defendant filed its Notice of Liability Admissions on Counts I through VI on the same day. (D.E. 11). Each of the first six counts of Plaintiff's Complaint contain its own individual prayers for relief seeking damages, plus attorney's fees and costs. On December 9, 2009, the Defendant offered complete relief on each of these counts, however, the Plaintiff did not accept same.

### B. Summary of Argument

Defendant's offer renders moot Plaintiff's FDCPA and FCCPA claims. Moreover, no cause of action exists under the Declaratory Judgment Act, and exclusive jurisdiction over Plaintiff's TCPA claim exists in state court. See *Sampaio v. I.C. Systems, Inc.*, Case No.: 1:09-cv-21689 (S.D. Fla September 14, 2009). As such, the case must be dismissed for lack of jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

**C. Legal Analysis.**

**1. Standard for deciding 12(b)(1) motions.**

Attacks on subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) come in two forms: "facial attacks," which require a court to evaluate a pleading and determine if the plaintiff has sufficiently alleged a basis for subject matter jurisdiction and "factual attacks," which challenge the "*existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings ... are considered.*" *Lawrence v. Dunbar*, 919 F.2d 1525, 1528-1529 (11th Cir. 1990). The attack in this case is factual, meaning, "in short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id.* The allegation that the Court lacks subject matter jurisdiction is a defense that can never be waived or forfeited. *See, U.S. v. Cotton,* 535 U.S. 625, 630, 122 S. Ct. 1781, 152 L. Ed. 2d 860 (2002).

In this matter, Defendant moves for dismissal of the Plaintiff's Complaint, under Rule 12(b)(1), because there is no current case or controversy which presently exists between the parties and because this Court now lacks independent jurisdiction over Plaintiff's TCPA claim. Plaintiff has been offered the maximum damages recoverable if violations are proven under the FDCPA and FCCPA. There exists no ongoing controversy with the Defendant under those statutes. There is nothing further to be gained by Plaintiff litigating the FDCPA and FCCPA claims before this Court; therefore, Plaintiff no longer has a personal stake in the outcome of that portion of the lawsuit. Accordingly, this Court must dismiss Plaintiff's FDCPA and FCCPA claims for lack of subject matter jurisdiction.

The Court has no jurisdiction to entertain Plaintiff's TCPA claims since jurisdiction over those claims is exclusive to state court. No basis exists for supplemental or diversity jurisdiction. As will be discussed below, federal courts lack subject matter jurisdiction of private actions under the TCPA and therefore there is no case or controversy remaining for the Court to rest jurisdiction and this case should be dismissed (noting that the Court may retain only jurisdiction to determine reasonable attorney fees)

**2. No case or controversy exists between the parties with regard to Plaintiff's FDCPA and FCCPA claims.**

Article III of the United States Constitution limits the judicial authority of the federal court system to "Cases" and "Controversies." "The exercise of judicial power under Art. III of the Constitution depends on the existence of a case or controversy," and "a federal court [lacks] the power to render advisory opinions." *United States Nat'l Bank of Oregon v. Independent Ins. Agents of America*, 508 U.S. 439, 446 (1993); *citing Preiser v. Newkirk*, 422 U.S. 395, 401 (1975). If a federal court lacks subject matter jurisdiction over a cause of action, the court "shall dismiss the action." Fed. R. Civ. P. 12(h)(3). The case or controversy requirement continues to exist throughout the entire litigation. To sustain jurisdiction, "the parties must continue to have a personal stake in the outcome of the lawsuit." *Lewis v. Continental Bank Corp*., 494 U.S. 472, 477 (1990).

Recently, the Fifth Circuit Court of Appeals upheld this doctrine in the case of *Murray v. Fidelity National Financial, Inc.,* Case No: 09-50157 (5th Cir. 2010) *filed on* January 15, 2010, where the Defendant had tendered payment for relief to the Plaintiff, prior to the action being filed. The Court held that the Plaintiffs' suit was non-justiciable from the moment it was filed

because it presented no case or controversy as required by Article III. *See Samnorwood Indep. Sch. Dist. v. Tex. Educ. Agency*, 533 F.3d 258, 264 (5th Cir. 2008) (noting that "a case or controversy must exist throughout the litigation"); *Envtl. Conservation Org. v. City of Dallas*, 529 F.3d 519, 527 (5th Cir. 2008) (noting that a case becomes moot when there are no longer adverse parties with sufficient legal interests to maintain the litigation or when the parties lack a legally cognizable interest in the outcome of the litigation). If a case is moot, "a federal court has no constitutional authority to resolve the issues that it presents." *Envtl. Conservation Org.*, 529 F.3d at 525.

An offer that satisfies plaintiff's entire claim for relief eliminates the controversy between the parties and leaves nothing for the court to resolve, effectively mooting the action and removing jurisdiction. *See, Taylor v. CompUSA, Inc.*, 2004 U.S. Dist. LEXIS 14492, *5 (N.D. Ga. 2004); *Weiss v. Regal Collections*, 385 F.3d 337, 340 (3rd Cir. 2004); *Rand v. Monsanto Co.*, 926 F.2d 596, 598 (7th Cir. 1991); *Alliance to End Repression v. City of Chicago*, 820 F.2d 873, 878 (7th Cir. 1987); *Zimmerman v. Bell*, 800 F.2d 386, 390 (4th Cir. 1986); *Abrams v. Interco, Inc.*, 719 F.2d 23, 32-34 (2nd Cir. 1983); *MacKenzie v. Kindred Hospitals East, LLC*, 276 F. Supp. 2d 1211, 1219 (M.D. Fla. 2003). Plaintiff's FDCPA and FCCPA claims, upon filing of the Complaint, initially satisfied the constitutional case or controversy requirement. However, "[i]t is not enough that a dispute was very much alive when suit was filed…[t]he parties must continue to have a personal stake in the outcome of the lawsuit." *See, Lewis,* at 477-478. Since Plaintiff has been offered the maximum recoverable damages under the FDCPA and FCCPA, he no longer has an ongoing controversy with the Defendant on those claims. There is nothing further for Plaintiff to gain by litigating those claims. As a result, jurisdiction of the

5

claims cannot be sustained by Plaintiff and this Court must dismiss Plaintiff's FDCPA and FCCPA claims for lack of subject matter jurisdiction.

In the words of Chief Judge Posner in discussing a rejected offer of judgment in excess of the statutory damages that were recoverable in a TILA action:

> Such an offer, by giving the plaintiff the equivalent of a default judgment (here it was actually larger by $200 than a default judgment would have been), eliminates a legal dispute upon which federal jurisdiction can be based. *Holstein v. City of Chicago*, 29 F.3d 1145, 1147 (7th Cir. 1994); *Rand v. Monsanto*, 926 F.2d 596, 597-98 (7th Cir. 1991); *Alpern v. UtiliCorp United, Inc.*, 84 F.3d 1525, 1539 (8th Cir. 1996); *Zimmerman v. Bell*, 800 F.2d 386, 390 (4th Cir. 1986). **You cannot persist in suing after you've won.**

*Greisz v. Household Bank (Illinois), N.A.*, 176 F.3d 1012, 1015 (7th Cir. 1999) (Emphasis added)

**3. Defendant offered full damages Plaintiff would be entitled to recover under the FDCPA and FCCPA if violations were proven.**

Under both the FDCPA and FCCPA, Plaintiff can recover no more than $1,000 in statutory damages per action, regardless of the number of violations proven. *See, Harper v. Better Business Servs., Inc.,* 961 F.2d 1561, 1562 (11th Cir. 1992), *Wright v. Finance Serv.*, 22 F.3d 647, 650 (6th Cir. 1994); *Peters v. Collision Clinics Int'l*, 404 So. 2d 116, 117 (Fla. 4th DCA 1981). Defendant offered $2,000, plus reasonable attorneys' fees and costs. If Plaintiff proves violations of the FDCPA and FCCPA, her damages are limited to the $1,000 under the FDCPA and $1,000 under the FCCPA, plus attorney's fees and costs of the action. Defendant has offered Plaintiff that relief.

The Plaintiff filed his initial disclosures pursuant to Rule 26 FRCP. The Plaintiff provided no claim for actual damages answering only "statutory damages of up to $1,000" pursuant to the FDCPA and FCCPA. Rule 26(a)(1)(A)(iii) requires the Plaintiff to identify each

category of damages he claims to have sustained and a computation of each such category. The Plaintiff has done neither.  The Plaintiff is required to provide Defendant his "assessment of damages in light of the information currently available to it in sufficient detail so as to enable each of the multiple Defendants in this case to understand the contours of its potential exposure and make informed decisions as to settlement and discovery," *City and County of San Francisco vs Tutor-Saliba*, 218 FRD 219, 221 (N.D. Calif. 2003). "Rule 26 requires a disclosing party to provide a computation of any category of damages claimed and make available, generally, documents on which such computation is based. [Citations omitted.] A party making a claim for damages has the obligation to disclose the best information then available to it concerning that claim, however limited and potentially changing it may be," *Hesco Parts vs Ford Motor Co.*, 2007 U.S. Dist. LEXIS 61397 (W.D. Kentucky 2007).

It should be noted that the Plaintiff makes no attempt to identify, quantify, or describe his alleged damages in the original complaint herein. The only recovery to be had by the Plaintiff is the statutory damages available pursuant to the FDCPA, which have been offered to him in full.

**4. Plaintiff refusal to accept the offer is irrelevant.**

"Once the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate, and a plaintiff who refuses to acknowledge this loses outright, under Federal Rule of Civil Procedure 12(b)(1), because he has no remaining stake*." Holstein v. City of Chicago*, 29 F.3d 1145, 1146 (7th Cir. 1994). "Under traditional mootness principles, an offer for the entirety of a plaintiff's claim will generally moot the claim." *Weiss*, at 342.  As outlined above, and unless Plaintiff can show this Court otherwise, Defendant has presented Plaintiff with an offer for the full damages demanded by Plaintiff under the FDCPA and FCCPA, as indicated

in Plaintiff's Rule 26 Disclosures. Since Plaintiff did not accept the offer, he loses outright under Fed. R. Civ. P. 12(b)(1).

Plaintiff no longer has a personal stake in the outcome of that portion of this lawsuit. This Court lacks subject matter jurisdiction over those claims and must dismiss Plaintiff's FDCPA and FCCPA claims for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). Assuming that the Plaintiff will seek to assert that the Defendant's offer did not provide complete relief as he was also seeking injunctive relief under the FCCPA, then such argument would be repugnant to Plaintiff's own pleadings. The Southern District Court in *Sampaio* dismissed a substantially similar complaint, drafted by the same attorney as in the present case, because it contained insufficient allegations to state a claim on its own. Significantly, in a footnote of the order, the Court suggested that if the plaintiff wished to seek injunctive relief, he could move for leave to amend one of the other counts.  The time for such an amendment has passed in the present matter, therefore since the Plaintiff has received an offer for all of the relief plead in Counts I through VI, he has no further stake in such claims.

**5. Plaintiff is not entitled to relief under 28 U.S.C. §§ 2201 or 2202.**

In Count VIII of the Complaint, Plaintiff seeks declaratory relief under 28 U.S.C. §§ 2201 and 2202, i.e. the Declaratory Judgment Act ("DJA"). Specifically, Plaintiff requests an injunction from this Court permanently "prohibiting Defendant from continuing violation of the FCCPA." *See*, Complaint at ¶ 36. Also, Plaintiff requests an injunction from this Court permanently "prohibiting Defendant continuing violation of the TCPA."

Equitable relief is not available under the FDCPA. *See*, *Sibley v. Fulton Dekalb Collection Service*, 677 F.2d 830, 834 (11th Cir. 1982).  While injunctive relief is available under the FCCPA, the Plaintiff did not request it in either Count V or Count VI (i.e. the FCCPA

counts). Count VIII does not make any additional allegations; rather, Mr. Mims merely states that he seeks declaratory relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202 and injunctive relief under the FCCPA and TCPA. This count fails to state "a claim for relief" as required by Fed. R. Civ. P. 8. See *Sampaio v. I.C. Systems, Inc.*, Case No.: 1:09-cv-21689 (S.D. Fla September 14, 2009). Count VIII has no impact on the mootness of Counts I through VI as it is plead distinct and separate from those counts, as more specifically discussed below.

Moreover, the Eleventh Circuit has recently held that the DJA cannot be used to create a right to equitable relief where none would otherwise exist. In *Christ v. Ben. Corp.*, the district court awarded the plaintiff class $22 million in restitution or disgorgement under the DJA in a case involving claims under the Truth in Lending Act. *Id.*, 2008 U.S. App. LEXIS 22421 (11th Cir. Oct. 28, 2008). The plaintiff admitted that TILA did not expressly provide for equitable relief, but argued that "because Congress did not expressly preclude other remedies, the district court was able to invoke the Declaratory Judgment Act and its inherent equitable powers to issue [equitable relief]." *Id.* at *15. The Eleventh Circuit disagreed stating:

> relief beyond a declaratory judgment or decree is permitted only to the extent that it is "necessary or proper." 28 U.S.C. § 2202. Here, the further relief ordered by the district court--an injunction and an award of over $22 million as "restitution or disgorgement" of fees--was awarded to Christ both unnecessarily and improperly. Far from effectuating the declaration regarding the underlying TILA cause of action, it circumvented the express remedies provided by Congress in this context: actual damages (which Christ conceded he could not prove) or statutory damages (which Christ waived). *Id.*

The FDCPA, like TILA, grants the FTC injunctive relief powers. Specifically, 15 U.S.C. 1692l states: "Compliance with this subchapter shall be enforced by the Commission." The clear intent of Congress was to limit injunctive relief to the FTC. Moreover, the FDCPA,

9

like TILA, also provides for the specific remedies of actual damages and statutory damages. As such, there is no legal basis for this Court to award Plaintiff equitable relief under the DJA. The Plaintiff has no cause of action under the Declaratory Judgment Act.

**6. This Court lacks jurisdiction to entertain Plaintiff's TCPA Claims.**

The Eleventh Circuit has ruled that "federal courts lack subject matter jurisdiction of private actions under the [TCPA]." *See, Nicholson v. Hooters of Augusta*, 136 F.3d 1287, 1289 (11th Cir. 1998) *modified*, 140 F.3d 898 (11th Cir. 1998). Moreover, the only Florida state court to determine this issue has held that jurisdiction over TCPA claims rests in state court. *See, Condon v. Office Depot, Inc.*, 855 So. 2d 644, 647 (Fla. 2nd DCA 2003).

Several other federal Circuit Courts that have considered the issue have also concluded that exclusive jurisdiction over TCPA claims rests in state court. *See, ErieNet, Inc., v. Velocity Net, Inc.*, 156 F.3d 513, 520 (3d Cir. 1998); *Foxhall Realty Law Offices, Inc. v. Telecommunications Premium Servs., Ltd.*, 156 F.3d 432, 438 (2d Cir. 1998); *Chair King, Inc. v. Houston Cellular Corp.*, 131 F.3d 507, 514 (5th Cir. 1997); *International Science & Tech. Inst. v. Inacom Communs.*, 106 F.3d 1146, 1151 (4th Cir. 1997); *Murphey v. Lanier*, 204 F.3d 911, 913 (9th Cir. 2000).[1]

Many federal courts have nonetheless determined that federal courts can exercise supplement jurisdiction over TCPA or that diversity jurisdiction can exist over TCPA claims. *See, Gottlieb v. Carnival Corp.,* 436 F.3d 335 (2nd Cir. 2006); *Us Fax Law Ctr., Inc. v. Ihire, Inc.*, 476 F.3d 1112 (10th Cir. 2007); *Watson v NCO Group, Inc.,* 462 F. Supp. 2d 641 (E.D. Pa. 2006); *Consumer Crusade, Inc. v. Fairon & Assoc.*, 379 F.Supp.2d 11321 (D. Col. 2005).

---

[1] Of course, since the Eleventh Circuit has ruled similarly, the holdings of other Circuits is irrelevant. However, it is nonetheless instructive that other Circuits have held similarly to the Eleventh Circuit on this issue.

However in the instant case, no basis exists for this Court to exercise supplemental jurisdiction over Plaintiff's TCPA claims under 13 U.S.C. § 1367(a) since Plaintiff's other federal claim under the FDCPA is moot and no cause of action exists under the DJA.

Likewise, no basis exists for this Court to exercise diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1), since Plaintiff has not and cannot in good faith allege damages in excess of $75,000.[2]

Since jurisdiction over Plaintiff's TCPA claims is exclusive to state court and no basis exists for this Court to exercise supplement jurisdiction over Plaintiff's TCPA claims nor determine that diversity jurisdiction exists, Plaintiff's TCPA claims must be dismissed for lack of jurisdiction.

**7. Curtis decision**

In the case of *Judy Curtis v. Credit Control Services, Inc.*, Case No.: 08-60558-CIV-GOLD/McALILEY (S.D. Fla. January 28, 2009), a Plaintiff filed a substantially similar to the case at bar[3] and the Defendant moved to dismiss the FDCPA and FCCPA claims for mootness, the Declaratory Judgment Act claim for failure to state a claim and for the Court to relinquish jurisdiction of the state matter, namely the TCPA claim (See *Curtis* D.E. 23). The Defendant in that matter had offered the Plaintiff $2,000.00, plus reasonable attorney's fees and costs to settle the FDCPA and FCCPA claims. Additionally, the Defendant filed a Notice of Liability Admissions as to the FDCPA and FCCPA claims for the purpose of cutting off attorney's fees on said actions by offering complete relief. The Court found that due to the fact that injunctive relief

---

[2] The TCPA provides for the recovery of up to $1,500 per violation. *See*, 47 U.S.C. § 227(b)(3)(B). As such, Plaintiff would have to allege more than 50 violations--which he has not and could not.

[3] The Plaintiff alleged claims pursuant to the FDCPA, FCCPA, TCPA and the DJA.

was an available remedy under the FCCPA and the Defendant's offer did not include an offer of such relief, the Plaintiff's case had not been mooted by the offer. (See *Curtis* D.E. 40).

The present case has presented near identical claims, and in the same way the Defendant has also offered the Plaintiff a total of $2,000.00, plus reasonable attorney's fees and court costs, absent an offer for injunctive relief. However, there are a few distinguishable facts between the *Curtis* case and the present one that justify the granting of this motion. In *Curtis*, both the Court and the parties did not treat Count VI (i.e. the DJA count) as it was pled, as a separate and distinct claim.[4] Each count of the *Curtis* complaint and the present complaint contains a reiteration of the general allegations, a legal conclusion and a separate and distinct prayer for relief. In both cases, the DJA claim sought declaratory and injunctive relief pursuant to the FCCPA, however neither count states a claim under the FCCPA, but rather seeks to borrow the remedy available under the FCCPA and request it as relief in his claim for a declaratory judgment. As stated in a recent Southern District decision on a similar set of facts, "Simply put, to establish a violation under this subsection of the FCCPA, it must be shown that either a debt which did not exist was being asserted or that a legal right which did not exist was being asserted. See *Ortiz v. Accounts Receivable Management, Inc.*, Case No.: 9:09-cv-80124 (S.D. Fla February 12, 2010). The Complaint has failed to make either of these allegations.

The Defendant in the present case is not seeking dismissal of Count VIII for mootness. On the contrary, the Defendant seeks dismissal of Count VIII, for two separate reasons. First, the Count does not make any plausible allegations; rather, Mr. Mims merely states that he seeks declaratory relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202 and injunctive relief under the FCCPA and TCPA. This count fails to state "a claim for relief" as required by Fed. R. Civ. P. 8. See *Sampaio v. I.C. Systems, Inc.*, Case No.: 1:09-cv-21689 (S.D. Fla

---

[4] See FRCP Rules 8 and 10.

September 14, 2009)[5]. Second, upon granting of this motion, there will no longer no basis for this Court to exercise supplemental jurisdiction over such claim for injunctive relief.

Therefore, the Defendant seeks dismissal of Counts I through VI of the Plaintiff's complaint for mootness, as the Defendant has offered all of the relief that the Plaintiff could receive from this action and has failed to accept same. Counts VII and VIII should be dismissed for lack of basis for supplemental jurisdiction for such claims.

**C. Conclusion.**

Defendant has offered Plaintiff all that he is entitled to recover under the Fair Debt Collections Practices Act and the Florida Consumer Collections Practices Act. Moreover, Plaintiff has no cause of action under the Declaratory Judgment Act and exclusive jurisdiction over her Telephone Consumer Practices Act claims lies in state court. As such, this Court no longer has jurisdiction over this matter and it must be dismissed.

WHEREFORE, Defendant respectfully requests an Order from this Court dismissing this case for lack of jurisdiction.

Dated February 17, 2010

> Respectfully Submitted,
> /s/ Steven M. Canter
> Steven M. Canter
> FBN: 605891
> Barbara A. Sinsley
> FBN: 844810
> Barron, Newburger & Sinsley, PLLC
> 205 Crystal Grove Blvd., Suite 102
> Lutz, FL 33548
> Telephone: 866-476-9103
> Facsimile: 813-949-6163

---

[5] This case had not been decided before the decision in *Curtis*, had it been decided and presented, the Court may have decided differently.

               Email: scanter@bns-law.com
               Attorney for Defendant

## CERTIFICATE OF SERVICE

 I HEREBY CERTIFY that a true and correct copy of the foregoing has been served via U.S. Mail or by the Court's CM/ECF system on February 17, 2010 which will send electronic filing to: Mr. Donald A. Yarbrough, P.O. Box 11842, Ft. Lauderdale, FL 33339.

               /s/ Steven M. Canter
               Steven M. Canter