UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 09-CV-22347-Ungaro

MARCUS D. MIMS,

    Plaintiff,

v.

ARROW FINANCIAL SERVICES, LLC,

    Defendant.

_____/

## ORDER ON MOTION TO DISMISS
## FOR LACK OF SUBJECT MATTER JURISDICTION

THIS CAUSE came before the Court upon Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction, filed on February 17, 2010.  (D.E. 14.)  Plaintiff filed his Opposition to Defendant's Motion to Dismiss on March 18, 2010.  (D.E. 23.)  And Defendant filed a Reply on March 24, 2010.  (D.E. 24.)  The parties filed a Joint Stipulation for Partial Dismissal on March 25, 2010.  (D.E. 26.)

THE COURT has considered the Motion and pertinent portions of the record and is otherwise fully advised in the premises.

**I.**

Plaintiff alleges Defendant engaged in illegal debt collection practices by leaving numerous voice mail messages on Plaintiff's cellular phone.  Accordingly, Plaintiff filed this action on August 7, 2009 seeking damages and equitable relief under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* (Counts I through IV); the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55 *et seq.* (Counts V and VI); and the

Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.* (Count VII). Additionally, Plaintiff sought a declaration that Defendant violated the FCCPA and TCPA and a permanent injunction from further violations (Count VIII). (D.E. 1.)

Defendant moves to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. Since the filing of the motion, both parties have stipulated to dismissal of the FDCPA and FCCPA claims. (D.E. 1 & 26.) Thus, the Court dismisses Plaintiff's FDCPA and FCCPA claims in Counts I through VI and VIII, leaving only the TCPA claims in Counts VII and VIII. The Court addresses the Motion to Dismiss with regard to these remaining claims.

## II.

The Court lacks subject matter jurisdiction over the remaining claims. Plaintiff invoked the subject matter jurisdiction of this Court pursuant to 28 U.S.C. §§ 1331, 1337 and 15 U.S.C. § 1692k. (D.E. 1.) None of these provisions is available. First, federal question jurisdiction under § 1331 is unavailable because Congress vested jurisdiction over the TCPA exclusively in state courts.[1] *See* 47 U.S.C. § 227(b)(3) (2005); *Nicholson v. Hooters of Augusta, Inc.*, 136 F.3d 1287 (11th Cir. 1998) (holding that Congress has granted state courts exclusive jurisdiction over private actions under the TCPA); *Murphey v. Lanier*, 204 F.3d 911 (9th Cir. 2000); *ErieNet, Inc. v. Velocity Net, Inc.*, 156 F.3d 513 (3d Cir. 1998); *Int'l Sci. & Tech. Inst., Inc. v. Inacom Commc'ns, Inc.*, 106 F.3d 1146 (4th Cir. 1997); *Chair King, Inc. v. Houston Cellular Corp.*, 131

---

[1] With respect to the declaratory judgment claim in Count VIII, for purposes of subject matter jurisdiction the Court analyzes the underlying claim for jurisdiction; that the claim is brought pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 – 2202, does not of itself create a federal question. *See, e.g.*, *Hudson Ins. Co. v. Am. Elec. Corp.*, 957 F.2d 826, 828 (11th Cir. 1992). And the only remaining underlying claim is brought pursuant to the TCPA.

F.3d 507 (5th Cir. 1997).  And the case law cited by Plaintiff in support of § 1331 jurisdiction is inapposite.[2] *See Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446 (7th Cir. 2005) (where state class action removed under the Class Action Fairness Act was improperly remanded back to state court pursuant to TCPA); *Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691 (2003) (holding an action brought under the Fair Labor Standards Act beginning in state court was removable to federal court); *Grable & Sons Metal Prods., Inc., v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005) (holding state law quiet title claim alleging failure by IRS to give adequate notice under federal tax law was removable federal question considering the strong government interest, the effect on the federal-state division of labor, and the implication of a contested federal statute).

Second, jurisdiction under § 1337 is similarly unavailable.  Section 1337(a) provides original subject matter jurisdiction for "any civil action or proceeding arising under any Act of Congress regulating commerce."  "The same tests for determining whether an action 'arises under' federal law for purposes of § 1331 apply to determine whether an action 'arises under' an Act of Congress regulating commerce."  *Erienet, Inc.*, 156 F.3d at 519 (citing *Franchise Tax Bd v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 8 n. 7 (1983)).  Thus, jurisdiction over Plaintiff's TCPA claims is unavailable under § 1337 for the same reason it is unavailable under § 1331.  *See Nicholson*, 136 F.3d at 1289; *Erienet, Inc.*, 156 F.3d 513 at 520 (holding "Congress' intent to limit consumer suits under the TCPA to state courts supersedes the general grant of jurisdiction in § 1337.").

Third, § 1692k is inapplicable because the Court has dismissed all FDCPA claims.  And

---

[2] To be sure, "Plaintiff recognizes this Court is bound by Eleventh Circuit precedent, but Plaintiff seeks to preserve the issue for purposes of appeal."  (D.E. 23.)

finally, although Plaintiff does not invoke jurisdiction under § 1367, having dismissed all claims over which it had original jurisdiction, the Court would decline to exercise supplemental jurisdiction over the remaining claims pursuant to § 1367(c)(3) in any event.  *See Mergens v. Dreyfoos*, 166 F.3d 1114, 1119 (11th Cir. 1999) (holding District Court had discretion to decline to exercise supplemental jurisdiction under § 1367 where the court had dismissed all claims over which it had original jurisdiction); G*raham v. State Farm Mutual Ins., Co.*, 193 F.3d 1274, 1282 (11th Cir. 1999) (same).  Accordingly, the Court dismisses Plaintiff's remaining TCPA claims in Counts VII and VIII for lack of subject matter jurisdiction.

 Accordingly, it is hereby

ORDERED AND ADJUDGED that the FDCPA and FCCPA claims in Counts I through VI and VIII are DISMISSED WITH PREJUDICE pursuant to the parties' Joint Stipulation for Partial Dismissal (D.E. 26).  The Court reserves jurisdiction regarding Plaintiff's reasonable attorneys' fees and costs as to these claims.  It is further

ORDERED AND ADJUDGED that the Motion (D.E. 14) is GRANTED as follows: The remaining claims (*i.e.* the TCPA claims in Counts VII and VIII) are DISMISSED for lack of subject matter jurisdiction.

DONE AND ORDERED in Chambers at Miami, Florida, this 1st day of April, 2010.

_____
URSULA UNGARO
UNITED STATES DISTRICT JUDGE

cc: counsel of record