UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-22347-Civ-UNGARO/TORRES

MARCUS D. MIMS,

    Plaintiff,

vs.

ARROW FINANCIAL SERVICES, INC.,

    Defendant.
_____/

REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motions to Tax Costs [D.E. 55, 56], filed as per S.D. Fla. Local R. 7.3, following a Final Judgment entered in Plaintiff's favor following remand of the action from the Supreme Court. The Court has considered the motion, the response in opposition, and Defendant's reply, as well as the record in the case. The Court finds that the motion should be Granted only in part.

I. BACKGROUND

Plaintiff filed this action under various federal consumer protection statutes, including the Fair Debt Collection Act and the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227, alleging that Defendant while seeking to collect a debt violated federal law by repeatedly using an automatic telephone dialing system or prerecorded or artificial voice to call Plaintiff's cellular phone without his consent. Plaintiff invoked the district court's federal question jurisdiction to adjudicate claims

"arising under the . . . laws . . . of the United States" 28 U.S.C. §1331.  After the Fair Debt Collection and other statutory claims were dismissed by stipulation, the case proceeded on the TCPA claim.  On a motion to dismiss that claim, however, this Court dismissed it for lack of subject matter jurisdiction, concluding that the TCPA had vested jurisdiction over private actions exclusively in state courts.  The Eleventh Circuit affirmed.  Plaintiff sought *certiorari* from the Supreme Court.

After granting review, the Supreme Court held that the TCPA's permissive grant of jurisdiction to state courts did not deprive federal district courts of subject matter jurisdiction over private TCPA actions like this one.  The Supreme Court remanded the case.

Following remand, Defendant served an offer of judgment that Plaintiff accepted. [D.E. 50, 51].  On motion for entry of judgment, the Court entered Final Judgment in Plaintiff's favor. [D.E. 52].  The pending motions for costs were then filed by Plaintiff under 28 U.S.C. § 1920, wherein Plaintiff requests $4,624.65 in taxable costs.  Defendant, however, challenges the bulk of the costs sought in the motions and claims that only $710.75 is awardable.  Plaintiff's reply concedes on limited points and requests that a cost award of $4,609.55 be entered.

There is no dispute that Plaintiff is the prevailing party in the case because he "prevailed in some significant issue in the litigation and [has] obtained some of the relief [he or she] sought." *Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.,* 489 U.S. 782 (1989).  The only dispute relates to the amount of costs that may be awarded under section 1920.

## II.   ANALYSIS

Under Fed. R. Civ. P. 54(d)(1), a prevailing party is entitled to recover costs as a matter of course unless directed otherwise by a court or statute. A strong presumption exists in favor of awarding costs. *Id.* But a court may tax as costs only those expenses enumerated in 28 U.S.C. § 1920.[1]  *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987) (absent explicit statutory or contractual authorization, federal courts are bound by the limitations set out in § 1920).

Upon the filing of a timely motion or bill of costs, which sets forth in detail the amounts requested, the opposing party has the burden of showing that the costs requested fall outside the scope of this statute or were otherwise unreasonable. *See, e.g., Eugene v. 3Don & Partner Estate Group, LLC*, 2009 WL 996016, at *14 (S.D. Fla. Apr. 14, 2009) (the burden lies with the challenging party to show that depositions were not related to an issue in the case at the time they were taken, and thereby show they were not wholly or partially "necessarily obtained for use in the case.").

---

[1]   The following costs are permitted under 28 U.S.C. § 1920:

> (1)  Fees of the clerk and marshal;
> (2)  Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3)  Fees and disbursements for printing and witnesses;
> (4)  Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5)  Docket fees under [28 U.S.C. § 1923];
> (6)  Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under [28 U.S.C. § 1828].

Defendant concedes that Plaintiff is entitled to a cost award for $710.75, consisting of the Eleventh Circuit Court of Appeals filing fee of $455 and the $255.75 deposition appearance fee. Defendant takes issue, however, with the majority of the costs requested, which consists of a $1,000 video conferencing fee and $3,300 in copying and printing charges, that Defendant argues are not recoverable in this Court under section 1920. We agree that Plaintiff is entitled to a cost award of at least $710.75.

We also agree that Defendant correctly disputes the fee for video conferencing. Section 1920 was recently amended in 2008. Video conferencing technology has been commonly used in litigation and for other purposes long before then. Had Congress intended to allow for recovery of such expenses Congress would have said so. We, however, are bound by the text of the statute as written. The 2008 amendments in fact clarified the language in section 1920(2) regarding "electronically recorded transcripts" used in the case. That language obviously does not include video conferencing.

Moreover, Plaintiff cited no authority that expressly approved video conferencing technology as a taxable cost. Indeed there is none. Had Plaintiff conducted any research into the issue at all, Plaintiff would have quickly learned that federal courts have uniformly (as best as we have been able to discern) rejected video conferencing costs under section 1920. *See, e.g., Dulaney v. Miami-Dade County,* 2011 U.S. Dist. LEXIS 147566, at *10-11 (S.D. Fla. Dec. 22, 2011) (telephone conferencing costs are not recoverable under section 1920); *Ruby v. Invictus Franchising, Inc.,* 2001 U.S. Dist. LEXIS 22320, at *10-11 (D. Or. Dec. 4. 2001) ("Section 1920 does not authorize reimbursement of airfare, car rental expenses, computer research, private

investigation, delivery services, facsimiles, *videoconferencing,* accounting services, postage, 'supplies,' and telephone expenses.") (emphasis added).

Plaintiff confuses authorities that authorize the awarding of costs for video depositions, *e.g., Little v Mitsubishi Motors N. Am., Inc.,* 514 F.3d 699, 702 (7th Cir. 2008), with what Plaintiff is requesting here. Plaintiff recorded the testimony through a court reporter, which is the cost that is taxable. The venue for the deposition was a video conferencing system. That is not taxable, any more than the travel expenses that Plaintiff would have incurred had the deposition been taken in person under traditional means. *See, e.g., Mock v Bell Helicopter Textron, Inc.,* 2012 US App LEXIS 1459, at *5 (11th Cir. Jan. 27, 2012) (attorneys' travel expenses for depositions not taxable under section 1920).

Finally, the largest cost amount included in the motions is $3,131.80 for copying and printing costs incurred in the case. The materials provided to the Court supporting this request confirms, however, that the vast majority of these costs related to the printing and copying of briefs submitted to the Supreme Court on appeal. There is no indication of what copying costs were incurred in the presentation of the case before this Court. Defendant correctly points out that this Court's jurisdiction under section 1920 extends only to costs attributable to proceedings here. The Supreme Court, or the Eleventh Circuit for that matter, is the primary authority on costs taxable in appellate proceedings, at least unless these appellate courts remand the matter back to this Court for adjudication, which has not occurred here. Sup. Ct. R. 43; Fed. R. App. P. 39(e).

And absent a specific remand for consideration of costs, a district court does not have jurisdiction to award costs that are for the appellate courts to consider in the first instance. *See, e.g., Merk v. Jewel Food Stores,* 1995 U.S. Dist. Lexis 9316, at *13 (N.D. Ill. June 29, 1995) (denying printing and copying costs incurred in preparing petition for certiorari under section 1920).

Here, the Supreme Court entered a cost award pursuant to its Rules and its jurisdiction. Plaintiff has provided us with no authority that allows us to supplement that determination under section 1920 by awarding additional printing or copying costs that the Supreme Court did not reimburse on its own accord. Having failed to provide us with any such authority or an Order of remand from the Supreme Court, Plaintiff's request for reimbursement of all such copying and printing costs must be rejected.

Though Plaintiff has not adequately done so, we assume that some copying costs were in fact incurred for proceedings directly tied to this jurisdiction. Accordingly, the Court will enter the maximum copying cost that can be awarded under these circumstances without further documentation, $250.00, but clearly not the amount requested in the motion.

### III.  CONCLUSION

For the foregoing reasons, it is hereby **RECOMMENDED** as follows:

1.      Plaintiff's Motions to Tax Costs [D.E. 55, 56] should be **GRANTED** in part and **DENIED** in part. The Court finds that taxable costs should be awarded for a total amount of $960.75.

2.      Pursuant to Fed. R. Civ. P. 58, a Cost Judgment should be entered in that amount, with post-judgment interest running from the date of the Court's original Final Judgment.

3.      Pursuant to Local Magistrate Rule 4(b), the parties have 14 days from the date of this Report and Recommendation to serve and file written objections, if any, with the District Judge. Failure to timely file objections shall bar the parties from a de novo determination by the District Judge of an issue covered in the report and bar the parties from attacking on appeal the factual findings contained herein. *R.T.C. v. Hallmark Builders, Inc.,* 996 F.2d 1144, 1149 (11th Cir. 1993); *LoConte v. Dugger,* 847 F.2d 745 (11th Cir. 1988); *Nettles v. Wainwright,* 677 F.2d 404, 410 (5th Cir. Unit B 1982) (en banc); 28 U.S.C. § 636(b)(1).

**DONE AND SUBMITTED** in Chambers at Miami, Florida this 17th day of September, 2012.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge