UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 09-22347-Civ-Ungaro/Torres

MARCUS D. MIMS,

    Plaintiff,

v.

ARROW FINANCIAL SERVICES, LLC,

    Defendant.
_____/

## PLAINTIFF'S MOTION FOR COSTS AND INCORPORATED MEMORANDUM OF LAW

Plaintiff, Marcus D. Mims, moves this Court for an Order that Defendant, Arrow Financial Services, LLC, pay to Plaintiff an award of costs, and in support thereof, states as follows:

Pursuant to Fed. R. Civ. P. 54(d)(1), Plaintiff is entitled to the costs of this action as the prevailing party: "Unless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." Fed. R. Civ. P. 54(d). Plaintiff is further entitled to the costs of this action under the terms of Defendant's Offer of Judgment, offering Plaintiff "recoverable costs then accrued to resolve the TCPA claims." (DE 50-1).

Pursuant to Local Rule 7.3(a), a motion for costs not taxable under 28 U.S.C. § 1920 must be filed within sixty days of the entry of final judgment. The Court entered Final Judgment in this action in favor of Plaintiff on July 17, 2012 (DE 52), thus, Plaintiff's application for costs is timely.

1

Plaintiff has separately moved the Court to tax costs pursuant to 28 U.S.C. § 1920 against Defendant in the amount of $5,157.55, less $532.90 already paid by Defendant in February of this year. Plaintiff conceded a $15.00 error in his Reply Brief (DE 60), thereby making the total requested award $4,609.55 (DE 60).

Plaintiff now seeks the additional recovery of non-taxable costs in the amount of $2,091.66, and, in the alternative, to the extent that any of the costs already sought by Plaintiff are not taxable under 28 U.S.C. §1920, Plaintiff respectfully requests that such costs be included in the award requested here, pursuant to the terms of Defendant's Offer of Judgment[1].

## MEMORANDUM OF LAW

Plaintiff seeks an award of $2,091.66, comprising airfare and hotel expenses for Plaintiff's appellate counsel, Scott Nelson, Esq., to appear on Plaintiff's behalf at the United States Supreme Court. Plaintiff is contractually entitled to these costs pursuant to Defendant's Offer of Judgment (DE 50-1). Defendant offered to pay Plaintiff "recoverable costs then accrued to resolve the TCPA claims." (DE 50-1). Defendant did not place a limitation on its costs offer, for example, limiting the costs to only those costs available under 28 U.S.C. § 1920, or to only taxable costs. Defendant did not qualify its Offer, or limit it to costs recoverable under a specific rule (such as the Supreme Court Rules), or recoverable at a specific level of court (such as costs then accrued at the

---

[1] Plaintiff does not in any way seek a double recovery of any of the costs contemplated by his motions, but only seeks recovery in this motion for any costs that are held to be non-taxable with respect to Plaintiff's Bill of Costs and Motion to Tax Costs (DE 55, DE 56).

2

Supreme Court level, or costs then accrued at the Eleventh Circuit). Under binding Eleventh Circuit precedent, any ambiguity in an offer is construed against the offeror:

> As discussed above, however, Rule 68 requires that the responsibility for clarity and precision in the offer must reside with the offeror. As Nusom explained, any ambiguity in the terms of an offer must be resolved against its drafter…

Utility Automation 2000, Inc. v. Choctawhatchee Electric Cooperative, Inc. et al., 298 F.3d 1238 (11th Cir. 2002).

Thus, under the ambiguous terms of Defendant's offer, Plaintiff is entitled to the requested costs, because when a prevailing plaintiff is *contractually* entitled to costs, he is not limited to those costs recoverable under 28 U.S.C. §1920. (See: Alvarez v. Accounts Receivable Technologies, Inc., Case No.: 11-21867 (S.D. Fla. January 17, 2012); Vergara v. Davis Bancorp, Inc., Case No.: 10-21746 (S.D. Fla. May 20, 2011)). Thus, because Defendant's Offer of Judgment creates a contractual right to costs, and because the offer is ambiguous, Plaintiff is entitled to all costs incurred with respect to his claim under the Telephone Consumer Protection Act.

The specific costs sought by Plaintiff in his Motion to Tax Costs (DE 55, DE 56), which are alternatively sought here if the Court concludes that they are not taxable, include the following costs:

1) $755.00, comprising $455.00 for the cost of the filing fee for the United States Court of Appeals for the Eleventh Circuit, and $300.00 for the cost of the filing fee for the United States Supreme Court.

2) $3,131.80 for the cost of making copies of materials necessarily obtained for use in this case.

3) $1,255.75, comprising $255.75 for the fees of the court reporter for the deposition of Defendant, and $1,000.00 for the videoconferencing cost of the deposition of Defendant, which costs were necessarily incurred. United States EEOC v. W&O Inc., 213 F.3d 600 (11th Cir. 2000). Defendant did not object to the means of recordation of the deposition at the time of the notice, and thus costs may be awarded pursuant to 28 U.S.C. §1920 for conducting the deposition in the manner noticed. Morrison v. Reichhold Chemicals, Inc., 97 F.2d 460, 464 (11th Cir. 1996).

Defendant has argued in Response (DE 59) to Plaintiff's Motion to Tax Costs that Morrison stands only for the proposition that videotaped depositions are taxable, not videoconferenced. However, the Morrison rule is "it is appropriate under § 1920 to award the cost of conducting the deposition *in the manner noticed*." Id. at 465, emphasis added. In the instant case, "the manner noticed" was videoconferencing. Other courts in this District have applied the Morrison rule to videoconferencing costs:

> The undersigned concludes that it is not appropriate to exclude these video deposition costs. The rule of this Circuit states that when no objection is raised at the time of a notice of deposition as to the means of recordation pursuant to Fed. R. Civ. P. 26(c), costs may be awarded pursuant to 28 U.S.C. § 1920 for conducting the deposition in the manner noticed. Morrison v. Reichhold Chemicals, Inc., 97 F.3d 460, 464-65 (11th Cir. 1996).

Bianchi v. Bronson & Migliaccio, LLP, Case No.: 09-61164-Civ-Ungaro/Simonton (S.D. Fla. February 2, 2011).

**CERTIFICATION PURSUANT TO LOCAL RULE**

Plaintiff's counsel conferred with Defendant's counsel, David P. Hartnett, on this matter, and was unable to resolve the matter. Defendant objects to, among other things,

4

the cost of copies, the cost of videoconferencing for Defendant's deposition, and the airfare and hotel expenses incurred by Scott Nelson, Esq. on Plaintiff's behalf.

WHEREFORE, Plaintiff respectfully requests that the Court award him costs in the amount of $2,091.66, and, in the alternative, any such additional costs sought by Plaintiff's Bill of Costs and Motion to Tax Costs (DE 55, DE 56) which the Court finds to be non-taxable costs, for a total tax award of $6,701.21.

>
> Respectfully submitted,
>
> DONALD A. YARBROUGH, ESQ.
> Attorney for Plaintiff
> Post Office Box 11842
> Fort Lauderdale, Florida 33339
> Telephone: (954) 537-2000
> Facsimile: (954) 566-2235
> don@donyarbrough.com
>
> s/Donald A. Yarbrough
> Donald A. Yarbrough, Esq.
> Florida Bar No. 0158658

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 09-22347-Civ-Ungaro/Torres

MARCUS D. MIMS,

    Plaintiff,

v.

ARROW FINANCIAL SERVICES, LLC,

    Defendant.
_____/

**CERTIFICATE OF SERVICE**

    **I HEREBY CERTIFY** that on September 17, 2012, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                  s/Donald A. Yarbrough
                                                  Donald A. Yarbrough, Esq.

**SERVICE LIST**

Ms. Barbara Fernandez, Esq.
Hinshaw & Culbertson, LLP
4 Floor
2525 Ponce de Leon Boulevard
Coral Gables, FL 33134
Telephone: 305-428-5031
Facsimile: 305-577-1063

Via Notices of Electronic Filing generated by CM/ECF