UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 09-cv-22347-UU

MARCUS D. MIMS,

    Plaintiff,

v.

ARROW FINANCIAL SERVICES, LLC,

    Defendant.
_____/

### ORDER AFFIRMING REPORT AND RECOMMENDATION

THIS CAUSE is before the Court upon Plaintiff's Objection to the Report and Recommendation of the Magistrate Judge and Appeal from the Magistrate Judge's Order Denying Plaintiff's Motion for Costs, which he filed on October 4, 2012. D.E. 64. Plaintiff filed Motion to Tax Costs on August 17, 2012. D.E. 55; D.E. 56. United States Magistrate Judge Edwin G. Torres entered the Report and Recommendation ("the Report"), D.E. 61, on September 17, 2012. The matter is ripe for disposition.

THIS COURT has made a *de novo* review of the entire file and record herein, and is otherwise fully advised in the premises. Plaintiff moved for $4,624.65 in taxable costs under 28 U.S.C. § 1920, but in his reply to Defendant's response, conceded limited points and now requests that a cost award of $4,609.55 be entered. These costs include a $1,000 video conference fee and $3,300 in copying and printing charges. Defendant challenges the bulk of those costs but concedes that $710.75 is awardable. In addition to the amount conceded by Defendant, the Report recommends entering $250.00, the maximum copying cost that can be awarded without further documentation, for a total of $960.75. D.E. 61, at 6. For the reasons set

forth below, the Court agrees with the Magistrate Judge Torres's Report.

### 1. Videoconferencing Costs

The first issue presented by Plaintiff's Objections is whether the $1000 fee for the video conferencing technology used in depositions is recoverable under § 1920. That section does provide for the recovery of "electronically recorded transcripts," 28 U.S.C. § 1920(2), but the transcript here was recorded by a court reporter, which is a properly taxable cost. Given that the conferencing system provides a substitute for travel to a physical venue, it is akin to travel expenses, which are not taxable under § 1920. *See Mock v. Bell Helicopter Textron, Inc.*, 456 F. App'x 799, 802 (11th Cir. 2012); *Tang How v. Edward J. Gerrits, Inc.*, 756 F. Supp. 1540, 1546 (S.D. Fla. 1991), *aff'd*, 961 F.2d 174 (11th Cir. 1992).

### 2. Copying Costs

The next issue presented is whether the Magistrate Judge properly declined to award Plaintiff the costs of copying and printing. Defendant chose to settle this case by an Offer of Judgment, pursuant to Federal Rule of Civil Procedure 68. The sole constraint that Rule 68 places on offers of judgment is its mandate that an offer include "costs then accrued." Fed. R. Civ. P. 68; *Util. Automation 2000, Inc. v. Choctawhatchee Elec. Co-op, Inc.*, 298 F.3d 1238, 1241 (11th Cir. 2002). The Offer made to Plaintiffs did in fact include "the recoverable costs then accrued to resolve the TCPA claims." D.E. 50-1. Plaintiff argues that because Defendant did not qualify that portion of its Offer to costs recoverable at the trial or appellate court level, the ambiguity must be construed against Defendant, presumably under the doctrine of *contra profferendum*, to include costs incurred during Supreme Court litigation as well. Plaintiff errs.

A Rule 68 Offer of Judgment is not merely a contract devoid of any external reference points, but rather is read against the statutory or decisional context from which the cause of

2

action arose in the first place.  Thus, the term "costs" in Rule 68 is "intended to refer to all costs properly awardable under the relevant substantive statute or other authority."  *Marek v. Estate of Chesney*, 473 U.S. 1, 5 (1985).  While § 1920 does make copying costs recoverable, a district court's jurisdiction under that section extends only to costs attributable to proceedings before *it*, not before a higher court.  Magistrate Judge Torres correctly concluded that the Supreme Court and the Eleventh Circuit, respectively, "are the primary authorities on costs taxable in appellate proceedings, at least unless these appellate courts remand the matter back to this Court for adjudication, which has not occurred here."  D.E. 61, at 5 (citing Sup. Ct. R. 43; Fed. R. App. P. 39(e)).

      **3. Denial of Motion for Non-Taxable Costs**

Plaintiff's final plea is that this Court set aside Magistrate Judge Torres's denial of Plaintiff's Motion for Non-Taxable Costs.  Plaintiff insists that he complied with each element of Local Rule 7.3 and that he did so in a timely manner.  But as Defendant points out, Local Rule 7.3 contemplates *one* motion for costs, not the filing of separate motions for each individual item sought for recovery.  *See* S.D. Fla. L.R. 7.3(a).  Furthermore, the additional non-taxable costs sought are for the travel costs of appellate counsel in the handling of Plaintiff's Supreme Court appeal.  D.E. 62, at 2.  And, as discussed above, travel expenses cannot be taxed under Section 1920.  Accordingly it is

ORDERED and ADJUDGED that United States Magistrate Judge Torres' Report and Recommendation, D.E. 61, is RATIFIED, AFFIRMED and ADOPTED.  It is further

ORDERED and ADJUDGED that the Plaintiff's Appeal from the Order Denying Plaintiff's Motion for Costs, D.E. 64, is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida, this 25th day of October, 2012.

_____
URSULA UNGARO
UNITED STATES DISTRICT JUDGE

cc: Counsel of Record